UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESUS B. ABREU, | Civil Action No. 21-17464 (SRC) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| PETER CARTER, | |
| Defendant. | |

**IT APPEARING THAT:**

1. On or about September 22, 2021, Plaintiff Jesus B. Abreu filed his current complaint in which he seeks to raise claims pursuant to 28 U.S.C. § 1983 arising out of his belief that his criminal attorney, Defendant Peter Carter, has denied him his right to counsel by refusing to file certain criminal motions. (ECF No. 1). Although Plaintiff did not initially pay the filing fee or seek to proceed without prepayment of the filing fees, he has now filed an application to proceed *in forma pauperis*. (ECF No. 3).

2. Having reviewed Plaintiff's application, this Court finds that leave to proceed without prepayment of fees is warranted, and Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) is granted. As Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

    3. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4. In his complaint, Plaintiff asserts that his criminal defense attorney has refused to file several criminal motions seeking the dismissal of Plaintiff's pending weapons charges. (ECF No. 1 at 1-2). Plaintiff alleges that this failure amounts to a denial of his right to the effective assistance of counsel. Criminal defense attorneys, however, are absolutely immune from suit under 42 U.S.C. § 1983, the statute under which Plaintiff seeks to proceed, for actions they take within the scope of their professional duties as criminal counsel as they do "not act under color of state law when performing a lawyer's traditional functions." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Carter v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014). As all of Plaintiff's claims against Carter arise out of alleged failures in Carter's performance as a criminal defense attorney, Defendant is absolutely immune, and Plaintiff's complaint against him must be dismissed with prejudice.[1]

5. In conclusion, Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**, and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

    s/ Stanley R. Chesler
Hon. Stanley R. Chesler,
United States District Judge

Date: November 3, 2021

---

[1] To the extent that Plaintiff also wishes to challenge his pending criminal charges through his current complaint, he may not use a civil rights action for this purpose – the proper mechanism for challenging pending criminal charges is either to file a motion in the criminal matter to the extent the plaintiff's conviction is not yet final, or to pursue habeas relief to the extent the plaintiff's conviction is final. *See Reese v. Warden Phila. FDC*, 904 F.3d 244, 246-47 (3d Cir. 2018); *see also Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).